SENECA SINNICKSON *v.* MICAJAH DUNGAN.

ON CERTIORARI.

1. An action for the unlawful killing of hogs, should be *trespass* and not *case.*

2. In an action against a defendant (who has killed swine trespassing on his enclosed lands) for neglecting or refusing to comply with the provisions of the act concerning swine, *Rev. Laws*, 377, the state of demand must contain such substantial averments, as will exhibit a case within the act.

Dungan had obtained a judgment against Sinnickson, before a Justice of the Peace in an action of trespass on the case, upon the following state of demand : "The plaintiff complains for this, to-wit, that in the afternoon or evening of Saturday, the 2d day of August, the defendant, Seneca Sinnickson, shot and killed two of his hogs, one of which hogs was killed in the field, the other in the road ; that he, Dungan, went after said hogs and claimed them as his property, but the defendant refused to let him take the same, alleged that he should notify the overseers of the poor, and utterly refused to let him, the plaintiff, have his hogs ; that the said defendant further, on the morning of Sunday, the 3d, refused to give said plaintiff any information where he might find said hogs ; and further, that he had given notice to the overseers, that the hogs were not fit for use,

by which unfair conduct the plaintiff lost the benefit of his property in the sum aforesaid, to his damage and on this he prays judgment."

*Jeffers,* for the plaintiff in certiorari, moved to reverse this judgment for the insufficiency of the state of demand.

*Eakin,* Attorney for defendant.

The opinion of the Court was delivered by

EWING, C. J. The reasons urged for the reversal of the judgment in this case apply to the state of demand.

If the cause of action therein set forth, be in fact founded on the unlawful killing of the hogs of the plaintiff, the action, which is in trespass on the case, was misconceived, and the judgment is liable to reversal, *Sayres* v. *Overseers of Springfield, Sept. Term,* 1825, 3 *Hals.* 166.

If, as is more probable, the ground of complaint is the neglect or refusal of the defendant to comply with the duty imposed on him, having killed swine trespassing on his enclosed land, by the 1st section of the act concerning swine, *Rev. Laws* 377, the state of demand is entirely defective. I say more probable, for just doubt exists—as to one of the hogs it is alleged to have been killed in the field, but whether of the plaintiff or defendant is not stated, and as to the other, it is charged to have been killed in the road, and consequently not within the enclosure of the plaintiff.

The owner of the enclosed land, his servant or tenant, having as authorized by that act, killed swine found trespassing, is to inform the owner of the swine, if easily to be found, and to permit him to take them away; but if not easily found, or if found, not appearing and taking them away, he is bound, within fifteen hours after the killing, to give notice to the overseer of the poor, who shall dispose of the swine for the use of the poor.

An omission to perform the duties enjoined on him will doubtless subject the person killing to an action. But the facts here charged may be true and yet the defendant not liable. It is stated that the plaintiff claimed the hogs as his property and that the defendant refused to let him take them away and alleged he had notified the overseer of the poor. It may have been that the plaintiff was not easily to be found and the defendant had therefore as required by the act within the fifteen hours given notice to the overseer. If so, although the plaintiff as owner might afterwards come and claim the swine, the overseer had acquired rights, and the defendant could not of himself relinquish or deliver up the property.

Without asking for an adherence to technical formalities, the state of demand should have contained such substantial averments as would have exhibited a case within the act.

Let the judgment be reversed.